IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE VERHAGEN,<br><br>            Plaintiff,<br><br>vs.<br><br>PETSMART, INC.,<br><br>            Defendant. | Case No. 12-cv-659-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant PetSmart's motion to transfer case. (Doc. 6). Specifically, defendant asks this court to transfer this case to the Central District of Illinois under the standards set forth in 28 U.S.C. § 1404.

Motions for transfer of venue or for dismissal for improper venue are governed by the standards set forth in 28 U.S.C. § § 1404 and 1406. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988); *Willis v. Caterpillar Inc.*, 199 F.3d 902, 905 & n.4 (7th Cir. 1999). Section 1404 governs transfer when venue is proper; § 1406 governs transfer or dismissal when venue is improper. *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989).

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. 1404(a). The decision to transfer a case is left to the discretion of the district court. *Stewart Org.*, 487 U.S. at 29; *Van Dusen*, 376 U.S. at 622; *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interest of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). "The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient," *Coffey*, 796 F.2d at 219-20, and the Court must give some weight in favor of the forum in which the plaintiff chose to file the complaint. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)*; Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system." *Coffey*, 796 F.2d at 221. Courts may consider the time it will take to get to trial in the transferee forum, the court's familiarity with the law, and the relationship of the communities to the controversy. *Research Automation, Inc. v. Schrader-Bridgeport Int'l., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

Under the circumstances of this case, the Court finds that the defendant has met its burden in establishing that the Central District of Illinois is clearly a more convenient forum. The Court gives weight to the fact that plaintiff chose to file his complaint within the Southern District of Illinois; however, that factor fails to overcome the factors in this case demonstrating that the Central District of Illinois is more convenient for the parties and witnesses. This action

arises from an accident that occurred in one of defendant's stores located in Forsyth, Illinois. Forsyth is in Macon County, within the Central District of Illinois. The witnesses in this case, including employees of the Forsyth PetSmart store, reside in the Central District of Illinois. Further, the plaintiff resides in and received medical care for this incident within the Central District of Illinois. The only connection between this case and the Southern District of Illinois appears to be that plaintiff's attorney maintains a practice within the Southern District of Illinois.

The Court further finds the interest of justice is served by transferring this case. The Court finds it particularly significant that the only connection to the Southern District of Illinois is the plaintiff's attorney's practice. Because all the events at issued occurred and the witnesses reside in the Central District of Illinois, it is more desirable for a court in the Central District of Illinois to decide this case. Further, there is nothing to suggest that the Central District of Illinois' docket is unduly congested or the parties would not receive a trial in a speedy manner.

Accordingly, the defendant's motion to transfer (Doc. 6) is **GRANTED**. The Court **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a).

**IT IS SO ORDERED**
**DATED: August 2, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
